# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ANGELES FORD,** *Plaintiff,* v. **BASS AND ASSOCIATES; HELMS CAREER INSTITUTE,** *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00159-TES** |

## ORDER ON MISCELLANEOUS MOTIONS

Five motions are presently pending in the above-captioned case. As explained below, the Court **GRANTS** Plaintiff's Motion to Amend Complaint [Doc. 7] and authorizes her to assert new claims against the present Defendants and add Educational Credit Management Corporation as a defendant. The Court also **DENIES** Defendant Helms Career Institute's Motion to Dismiss [Doc. 5] and Motion for Hearing [Doc. 6] **as moot** and **DENIES** Plaintiff's Motion to Reply to Answer [Doc. 13] and Motion to Quash Subpoena [Doc. 14].

## FACTUAL BACKGROUND

In her original Complaint, pro se Plaintiff Angeles Ford cursorily alleged that Defendant Bass and Associates ("Bass") and Defendant Helms Career Institute ("Helms"), violated 18 U.S.C. § 1028. *See generally* [Doc. 1]. That provision makes it a crime to, *inter alia*, "knowingly and without lawful authority produce[ ] an identification

document, authentication feature, or a false identification document." 18 U.S.C. § 1028(a)(1). Specifically, Plaintiff claimed that Bass "put [her] in hardship since 2018 over a false document." [Doc. 1, p. 4]. Plaintiff further alleged that she and Helms are citizens of Georgia, Bass is a citizen of Arizona, and the amount in controversy is $10,438.02. [*Id.* at pp. 1–4]. On these facts, Plaintiff claimed subject-matter jurisdiction through both diversity and federal-question jurisdiction. [*Id.* at p. 3].

Helms moved to dismiss the original Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. 5]. Helms argued that 18 U.S.C. § 1028 cannot form the basis of federal question jurisdiction under 28 U.S.C. § 1332 and that there is not complete diversity of citizenship under 28 U.S.C. § 1331. [*Id.* at pp. 2–4]. Moreover, Helms argued that Plaintiff's failure to allege specific facts against Helms warranted dismissal for failure to state a claim. [*Id.* at pp. 4–6]. Helms requested that the Court dismiss the action or, in the alternative, order Plaintiff to file a more definite statement under Federal Rule of Civil Procedure 12(e). [*Id.* at p. 6].

Nine days after Defendant moved to dismiss, Plaintiff filed a Motion to Amend Complaint [Doc. 7], in which she seeks to add claims and a new party to the action. In the Motion, Plaintiff seemingly contends that non-party Educational Credit Management Corporation ("ECMC") attempted to collect a debt against her in 2015 in connection with a falsified document signed in her name in 2007. [Doc. 7-3, pp. 2, 3]. Although she disputed the debt, Plaintiff had to file for bankruptcy in 2017, at which time the debt was

2

discharged. [*Id.* at pp. 3–4]. In October 2018, the United States Department of Education and Helms, an educational entity, engaged Bass to collect another debt in connection with the allegedly false document, despite Plaintiff never attending Helms. [*Id.* at pp. 1, 3, 5]. The collection of this debt caused the Department of Education to garnish Plaintiff's federal tax refund. [*Id.* at p. 5].

As a result of these actions, Plaintiff claims Defendants and ECMC, individually or jointly, violated several federal civil and criminal laws, including:

- The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f—prohibiting debt collectors from using false, deceptive, misleading, unfair, or unconscionable representations or means in connection with the collection of a debt;

- The Consumer Financial Protection Act, 12 U.S.C. §§ 5531(a) & (c), 5536—prohibiting consumer financial product providers from engaging in unfair, deceptive, or abusive acts in connection with providing or offering financial products or services;

- The Higher Education Act, 20 U.S.C. §§ 1091(a), 1094(a)—requiring, *inter alia*, that students who receive grants or loans from the federal government be enrolled in qualified education programs and prohibiting education institutions from providing students with loans in excess of the amount they are eligible to borrow;

- 18 U.S.C. § 1002—criminalizing knowing possession of falsified documents with intent to defraud the United States; and

- 18 U.S.C. § 1028(a), (c), & (d)—criminalizing falsification of identification documents.

[*Id.* at pp. 3, 5].

Because of ECMC's alleged involvement arises from the same falsified document giving rise to Plaintiff's claims against Bass and Helms, Plaintiff also seeks leave under Federal Rule of Civil Procedure 20 to join ECMC as a party to this case. [*Id.* at pp. 8–11]. For jurisdiction purposes, Plaintiff also clarifies in her Motion to Amend that she and Helms are citizens of Georgia, Bass is a citizen of Arizona, and ECMC is a citizen of Minnesota; however, she does not state an amount in controversy in the Motion. [*Id.* at p. 11].

## **DISCUSSION**

### A. **Motion to Amend**

The Federal Rules of Civil Procedure provide alternate rules for amending pleadings depending on the timing of the amendment. A party may amend a pleading once as a matter of right within 21 days after serving the original pleading, or within the earlier of 21 days after the adverse party files a response or 21 days after the adverse party files a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If these time limits have passed, the party must instead seek the adverse party's written consent or leave of court. *Id.* at (a)(2).

Plaintiff filed her original Complaint on April 25, 2019. [Doc. 1]. Fifty-five days later, Helms filed its Motion to Dismiss under Rule 12(b), and Plaintiff filed her Motion to Amend nine days after that. [Docs. 5, 7]. Because Plaintiff moved to amend within 21

4

days after Defendant moved to dismiss, Plaintiff could have filed an amended complaint as a matter of right, and the Court will allow her to do so now.

Although Plaintiff may add new claims and add ECMC as a defendant, the Court **ORDERS** Plaintiff to draft her amended complaint in accordance with Federal Rules of Civil Procedure 8 and 10. *See Thomas v. American Tobacco Co.*, 173 F.R.D. 546, 547 (M.D. Ga. 1997) ("A reviewing court is required to review pro se complaints more liberally than those prepared by an attorney. However, pro se plaintiffs are required to follow the same procedural rules as other litigants."). Accordingly, Plaintiff's amended complaint must include:

- a statement of the amount in controversy, so that the Court can properly assess whether it has diversity jurisdiction over this matter;

- a short and plain statement of what happened and the acts each Defendant committed that violated common law or the federal statutes listed above; and

- the relief Plaintiff seeks from the Court.[1]

*See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint must also be broken into numbered paragraphs and should contain separate counts for each claim of wrongdoing. *See id.* at 10(b).

Because Plaintiff's amended complaint will include claims not alleged in her original Complaint and may state a federal question because of her reference to the Fair

---

[1] To the extent any allegations in Plaintiff's Motion to Quash Subpoena [Doc. 14] include facts relevant to the case, they should be included in her amended complaint.

5

Debt Collection Practices Act, the Consumer Financial Protection Act, and the Higher Education Act, Helms's Motion to Dismiss [Doc. 5] and Motion for Hearing on the Motion to Dismiss [Doc. 6] are **DENIED as moot**.

### B. Miscellaneous Pending Motions

In addition to her Motion to Amend, Plaintiff has filed two miscellaneous motions: her Motion to Reply to Answer [Doc. 13] and her Motion to Quash Subpoena [Doc. 14]. In the former, Plaintiff seeks to refute the affirmative defenses in Helms's Answer [Doc. 9]. Because Plaintiff is not required to respond to Helms's Answer unless so ordered by the Court and because the Court has not issued such an order, Plaintiff's Motion to Reply to Answer [Doc. 13] is **DENIED**. *See* Fed. R. Civ. P. 7(a)(7); *see generally Strubel v. Hartford Ins. Co. of the Midwest*, No. 8:09-cv-01858-T-17-TBM, 2010 WL 11507830 (M.D. Fla. June 18, 2010).

With regard to the Motion to Quash Subpoena, the Court has issued no subpoenas in this case, and to the extent Plaintiff wishes to quash a subpoena that does not exist, her Motion is denied. However, it appears that Plaintiff wants the Court to hold Bass responsible for the costs of service under Federal Rule of Civil Procedure 4(d)(2). *See* [Doc. 14, p. 3]. Under that provision, if a defendant fails to waive service as requested by the plaintiff, the defendant is required to pay "the expenses later incurred in making service; and the reasonable expenses . . . of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). Although there is at least some evidence in the record showing

that Plaintiff mailed a waiver of service to Bass and that Bass received the waiver,[2] there is no evidence that Plaintiff effected proper service on Bass after Bass failed to waive within 30 days as requested. *See Skeete v. Moon*, No. 5:08-CV-326 (CAR), 2009 WL 2611317, at *4 (M.D. Ga. Aug. 20, 2009) ("When a party has refused to waive service of process under Rule 4(d), the plaintiff must serve that party by the methods prescribed in Rule 4(e) or 4(h)."). Unless and until Plaintiff properly serves Bass with process, the Court will not entertain a motion for expenses under Rule 4(d)(2). Accordingly, Plaintiff's Motion to Quash Subpoena [Doc. 14] is **DENIED**.

## CONCLUSION

As stated above, the Court **GRANTS** Plaintiff's Motion to Amend Complaint [Doc. 7], but requires her to do so in accordance with the instructions in this Order; **DENIES** Helms's Motion to Dismiss [Doc. 5] and Motion for Hearing [Doc. 6] **as moot**; **DENIES** Plaintiff's Motion to Reply to Answer [Doc. 13]; and **DENIES** Plaintiff's Motion to Quash Subpoena [Doc. 14].

In addition to filing her amended complaint with the Court—which will constitute sufficient service of the amended complaint as to Helms[3]—Plaintiff **must** serve a summons and the amended complaint on ECMC and Bass in compliance with Federal

---

[2] Plaintiff submitted a receipt showing that she mailed a waiver form to a Tucson, Arizona address on May 13, 2019, requesting that Bass return the waiver within 30 days, and submitted a United States Postal Service tracking document showing the recipient signed for the waiver on May 15, 2019. [Doc. 8].

[3] *See* Fed. R. Civ. P. 5(b)(2)(E).

Rule of Civil Procedure 4(h) within 90 days of filing the amended complaint. Her failure to do so will result in the Court dismissing any claims she alleges against them. *See* Fed. R. Civ. P. 4(m).

**SO ORDERED**, this 24th day of July, 2019.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, Judge**  
**UNITED STATES DISTRICT COURT**