IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANGELES FORD,<br><br>*Plaintiff,*<br><br>v.<br><br>BASS AND ASSOCIATES, P.C., *et al.,*<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:19-cv-00159-TES |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Educational Credit Management Corporation ("ECMC") has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) against Plaintiff Angeles Ford. *See generally* [Doc. 47]. Because the Court finds below that Plaintiff has failed to state a claim against ECMC, it **GRANTS** ECMC's motion.

**FACTUAL BACKGROUND**

In her amended complaint, Plaintiff alleges that Defendant Helms Career Institute, an educational institution, forwarded evidence of a defaulted student loan in Plaintiff's name to the United States Department of Education for collection, even though Plaintiff never attended Helms as a student. [Doc. 16-1, ¶ 3]. According to Plaintiff, ECMC guaranteed the fraudulent loan and allegedly violated the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. §§ 5301, *et seq*. ("Dodd-Frank"),[1]

---
[1] Specifically, 12 U.S.C. § 5531.

Department of Education regulations, and the Higher Education Act, 20 U.S.C. §§ 1001, *et seq.* ("HEA").[2] [*Id.* at ¶ 4]. Additionally, Plaintiff claims that all Defendants violated federal criminal provisions including 18 U.S.C. §§ 1002 (possessing false papers to defraud the United States) and 1028 (fraud in connection with identification documents). As a result of these actions, Plaintiff incurred a lien on her 2018 tax refund and has had to live with family and friends due to the hardship. [*Id.* at ¶¶ 2, 6]. Accordingly, she seeks $75,000 in damages. [*Id.* at ¶ 6].

In its instant motion for judgment on the pleadings, ECMC argues that Plaintiff has no private right of action to enforce federal criminal statutes, the HEA, or Dodd-Frank, and that Plaintiff has failed to state a fraud claim. Plaintiff did not respond to ECMC's motion. Upon review, the Court agrees with each of ECMC's arguments and grants its motion.

## DISCUSSION

### A. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon*

---

[2] *See* 12 U.S.C. § 5531; 34 C.F.R. §§ 682.201, 682.400, 682.410, 682.419; and 20 U.S.C. §§ 1072b, 1078, 1091.

2

*v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).

When ruling on a 12(b)(6) motion, the Court must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if the plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face, and he must state more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). He must also "plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action," *id.*, such that the factual allegations contained in the complaint are "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

When assessing a motion to dismiss for failure to state a claim, the Court employs a two-step framework. *McCullough*, 907 F.3d at 1333. First, the Court identifies and disregards allegations that are "no more than mere conclusions," since "[c]onclusory allegations are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Second, the Court "assume[s] any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

3

**B.     Plaintiff's Claims under Criminal Statutes, the HEA, and Dodd-Frank**

ECMC first argues that Plaintiff has no private right of action under the stated provisions of the federal criminal code, the HEA, or Dodd-Frank. The Court has already determined that the HEA and the federal criminal code provide no private right of action:

> Helms argues that the complaint states no basis for federal question jurisdiction since there are no private rights of action under the stated provisions of the federal criminal code and the HEA. This is undoubtedly true. *See Collins v. Bates*, No. 17-14559- G, 2018 WL 5090845, at *7 (11th Cir. May 10, 2018) (explaining that federal criminal statutes do not create a private right of civil action absent "clear evidence" of Congress' intent for them to do so) *accord House v. Hastings*, No. 91 Civ. 3780 (JSM), 1992 WL 44370, at *1 n.1 (S.D.N.Y. Feb. 21, 1992) (no private right of action under 18 U.S.C. § 1002) *and Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (no private right of action under 18 U.S.C. § 1028). *See also Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004) ("[T]he HEA expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA and rectify HEA violations. It is wellsettled that the HEA does not expressly provide debtors with a private right of action.") (internal citations omitted).

[Doc. 40, pp. 4–5].

The same is true for Section 5531 of Dodd-Frank, which Plaintiff cites in her amended complaint. *See Sanford v. Discover Bank*, No. 1:18-cv-02682-CAP-CMS, 2019 WL 2354984, at *3 (N.D. Ga. Feb. 28, 2019) (finding no private right of action for "any alleged unfair, deceptive, abusive, or misleading acts or practices" in Dodd-Frank).[3] Accordingly,

---

[3]     A review of the plain language of the Dodd-Frank Act . . . demonstrates that there is no private cause of action for any alleged unfair, deceptive, abusive, or misleading acts or practices. See 12 U.S.C. § 5531. Plaintiff does not point to any language of the Dodd-Frank Act suggesting that a private cause of action exists, nor is this Court independently aware of any such language. Moreover, courts in other districts have declined to read a private cause of action into any provisions of the Dodd-Frank Act that do not explicitly provide

4

Plaintiff fails to state a claim against ECMC under federal criminal law, the HEA, or Dodd-Frank, and those claims are dismissed.

C. **Fraud**

In its partially granted motion to dismiss, Defendant Helms Institute mentioned offhandedly that Plaintiff may have intended to state a claim against all Defendants for fraud under Georgia law. [Doc. 23-1, p. 6] ("Recognizing the Court's inherent authority to liberally construe pro se filings, Defendant [Helms] notes that even if Plaintiff intended to present a claim for fraud, such a cause of action would arise under the laws of the State of Georgia . . . ."). However, because Helms acknowledged such a claim but did not explain why it should be dismissed, the Court allowed the fraud claim to proceed against Helms. [Doc. 40, p. 8]. Because of that decision, ECMC now "vigorously disagrees with Defendant Helms that Plaintiff may have intended to assert a civil fraud claim," but argues in the alternative that Plaintiff fails to plausibly allege any such claim. [Doc. 47-1, pp. 1–2].

As ECMC points out, a Georgia fraud claim requires proof of the following elements:

---

for them. See Beider v. Retrieval Masters Creditors Bureau, Inc., 146 F. Supp. 3d 465, 471–72 (E.D.N.Y. 2015) (citing Regnante v. Sec. Exchange Officials, 134 F. Supp. 3d 749, 760–61 (S.D.N.Y. 2015)); Levine v. Entrust Grp., Inc., No. C 12-03959 WHA, 2013 WL 1320498, at *7 (N.D. Cal. Apr. 1, 2013) ("Under the Dodd-Frank Act, the Court's research can find no private right of action.").

*Sanford*, 2019 WL 2354984, at *3.

> (1) that the defendant made a material misrepresentation; (2) that at the time he knew it was false; (3) that he made it intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the misrepresentation; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of its having been made.

*Bush v. Eichholz*, ___S.E.2d___, 2019 WL 3852215, at *7 (Ga. Ct. App. Aug. 16, 2019) (quoting *Nash v. Studdard*, 670 S.E.2d 508, 513 (Ga. Ct. App. 2008)). "Although notice pleading does not require a plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)). That is, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery." *Roe*, 253 F.3d at 683.

Taking the facts alleged in Plaintiff's amended complaint as true, the complaint is devoid of even inferential allegations to support at least the first, third, and fourth elements of her fraud claim. Plaintiff alleges that ECMC was responsible for collecting on the defaulted loan that is the subject of this action and that ECMC "abuse[d] their authority and activated the false loan place[d] in default with the US Department of Education." [Doc. 16, ¶ 4]. Reading these allegations liberally,[4] it cannot be said that

---

[4] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed pro se is to 'be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'").

6

ECMC made any representation with the intent to deceive Plaintiff or that she relied on any such representation. Instead, the facts appear to allege that Helms made the misrepresentation (i.e., the falsified loan document), not ECMC. *See* [*id.* at ¶ 3]. In the absence of facts to establish that ECMC made a material misrepresentation or that Plaintiff relied on any such misrepresentation, Plaintiff cannot state a claim for fraud under Georgia law. Therefore, Plaintiff's fraud claim against ECMC is dismissed.

## **CONCLUSION**

Because Plaintiff's amended complaint fails to state a claim against ECMC, the Court **GRANTS** ECMC's Motion for Judgment on the Pleadings [Doc. 47]. Accordingly, the claims against ECMC are **DISMISSED without prejudice**, and the Court **DIRECTS** the Clerk to **TERMINATE** Educational Credit Management Corporation as a party.

**SO ORDERED**, this 15th day of October, 2019.

**s/Tilman E. Self, III**
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**
