# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANGELES FORD,<br><br>*Plaintiff*,<br><br>v.<br><br>BASS AND ASSOCIATES, P.C., *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:19-cv-00159-TES |

## ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendant BASS AND ASSOCIATES, P.C. ("Bass") has moved for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c) against Plaintiff Angeles Ford. [Doc. 58]. For the reasons that follow, the Court **GRANTS** Bass' Motion for Partial Judgment on the Pleadings and **DISMISSES** Plaintiff's claims against Bass under the Higher Education Act; the Dodd-Frank Wall Street Reform and Consumer Protection Act; 18 U.S.C. §§ 1002 and 1028; and the state-law claim for fraud **without prejudice**.

## FACTUAL BACKGROUND

In her Amended Complaint [Doc. 16], Plaintiff alleges that Bass improperly sought to collect a debt owed by Plaintiff as the result of a student loan which Plaintiff claims she did not acquire. [Doc. 16 at ¶ 2]. According to Plaintiff, all Defendants allegedly violated the Department of Education regulations; the Higher Education Act, 20 U.S.C.

§§ 1001, *et seq.* ("HEA");[1] federal criminal provisions including 18 U.S.C. §§ 1002 (possessing false papers to defraud the United States) and 1028 (fraud in connection with identification documents); and the "False Claim Act" [*Id.* at ¶ 1]. Although Plaintiff faxed information and called Bass to challenge the debt, Bass allegedly failed to designate the debt as disputed in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). [*Id.* at ¶ 2]. Through these actions, Bass also allegedly violated the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. §§ 5301, *et seq.* ("Dodd-Frank").[2] [*Id.*]. As a result of these actions, and actions of the other Defendants, Plaintiff states she incurred a lien on her 2018 tax refund and has had to live with family and friends due to the hardship. [*Id.* at ¶¶ 2, 6]. Accordingly, she seeks $75,000 in damages. [*Id.* at ¶ 6].

In its Motion, Bass argues that Plaintiff has no private right of action to enforce federal criminal statutes or the Higher Education Act; has not satisfied the requirements for a private cause of action under the False Claims Act; and has failed to adequately state a fraud claim. [Doc. 58]. Plaintiff did not respond to Bass' Motion. Upon review, the Court agrees with each of Bass' arguments and **GRANTS** its Motion for Partial Judgment on the Pleadings.

---

[1] *See* 12 U.S.C. § 5531; 34 C.F.R. §§ 682.201, 682.400, 682.410, 682.419; and 20 U.S.C. §§ 1072b, 1078, 1091.
[2] *See* 12 U.S.C. §§ 5531, 5536.

## DISCUSSION

### A. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).

When ruling on a 12(b)(6) motion, the Court must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if the plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face, and she must state more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). She must also "plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id.* The factual allegations contained in the complaint are required to be "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

3

When assessing a motion to dismiss for failure to state a claim, the Court employs a two-step framework. *McCullough*, 907 F.3d at 1333. First, the Court identifies and disregards allegations that are "no more than mere conclusions," since "[c]onclusory allegations are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Second, the Court "assume[s] any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.*

B.   **Plaintiff's Claims under Criminal Statutes, the HEA, and Dodd-Frank**

Bass first argues that Plaintiff has no private right of action under the stated provisions of the federal criminal code, the HEA, or Dodd-Frank. The Court has already determined that the HEA and the federal criminal code provide no private right of action:

> Helms argues that the complaint states no basis for federal question jurisdiction since there are no private rights of action under the stated provisions of the federal criminal code and the HEA. This is undoubtedly true. *See Collins v. Bates*, No. 17-14559- G, 2018 WL 5090845, at *7 (11th Cir. May 10, 2018) (explaining that federal criminal statutes do not create a private right of civil action absent "clear evidence" of Congress' intent for them to do so) *accord House v. Hastings*, No. 91 Civ. 3780 (JSM), 1992 WL 44370, at *1 n.1 (S.D.N.Y. Feb. 21, 1992) (no private right of action under 18 U.S.C. § 1002) *and Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (no private right of action under 18 U.S.C. § 1028). *See also Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004) ("[T]he HEA expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA and rectify HEA violations. It is well settled that the HEA does not expressly provide debtors with a private right of action.") (internal citations omitted).

[Doc. 40, at pp. 4–5]; [Doc. 57 at p. 4].  Likewise, the court has found

> [t]he same is true for Section 5531 of Dodd-Frank, which Plaintiff cites in her amended complaint. *Sanford v. Discover*

4

*Bank*, No. 1:18-cv-02682-CAP-CMS, 2019 WL 2354984, at *3 (N.D. Ga. Feb. 28, 2019) (finding no private right of action for "any alleged unfair, deceptive, abusive, or misleading acts or practices" in Dodd-Frank).

[Doc. 57 at p. 4]. Accordingly, Plaintiff fails to state a claim against Bass under federal criminal law, the HEA, or Dodd-Frank, and therefore the Court **DISMISSES** those claims **without prejudice**.

### C. Fraud[3]

Bass acknowledges that Plaintiff "potentially alleged" that Bass committed fraud in her "vague" Amended Complaint. [Doc. 16]; [Doc. 58 at p. 2]. However, Bass argues that the potential fraud claim does not comply with Federal Rule of Civil Procedure 9(b) requiring particularity nor does it adequately set forth the state law elements of fraud. [Doc. 58 at p. 5]. The Court has previously found

> [A] Georgia fraud claim requires proof of the following elements: (1) that the defendant made a material misrepresentation; (2) that at the time he knew it was false; (3) that he made it intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the misrepresentation; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of its having been made.
>
> Although notice pleading does not require a plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding the material elements of a cause of action to support recovery

---

[3] In its partially granted motion to dismiss, Defendant Helms Institute acknowledged a potential fraud claim but did not explain why it should be dismissed, and thus, the Court allowed the fraud claim to proceed against Helms. [Doc. 40 at p. 8]. Defendant ECMC argue[d] in the alternative that Plaintiff fails to plausibly allege any such claim. [Doc. 47-1, pp. 1–2].

5

under some 'viable legal theory.' That is, the complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery.

[Doc. 57 at pp. 5–6] (internal citations omitted). Therefore, even when assuming the facts alleged in Plaintiff's Amended Complaint [Doc. 16] as true, the pleading lacks sufficient allegations to support at least the first, third, and fourth elements of her fraud claim.

Plaintiff alleges that Bass was responsible for helping collect on the defaulted loan that is the subject of this action and that Bass "faile[d] to communicate that a disputed debt is disputed after [Plaintiff] called and fax[ed] the information" [Doc. 16 at ¶ 2]. Even when reading these allegations liberally,[4] there is simply not enough information in the pleading to determine that Bass made any representation with the intent to deceive Plaintiff or that she relied on any such representation. [*Id*.] While she states that she contacted Bass, she fails to allege any particular facts regarding communications of any kind from Bass (e.g. whether the call was a discourse or one-sided; what representations, if any, were made via call or fax, etc.) In the absence of facts to establish that Bass made a material misrepresentation or that Plaintiff relied on any such misrepresentation, Plaintiff cannot state a claim for fraud under Georgia law. Therefore, the Court **DISMISSES** Plaintiff's fraud claim against Bass **without prejudice**.

---

[4] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed pro se is to 'be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'").

6

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Bass' Motion for Partial Judgment on the Pleadings [Doc. 58]. Accordingly, the Court **DISMISSES** Plaintiff's claims against Bass under the Higher Education Act; the Dodd-Frank Wall Street Reform and Consumer Protection Act; 18 U.S.C. §§ 1002 and 1028; and the state-law claim for fraud **without prejudice**. Plaintiff's claims under the Fair Debt Collection Practices Act may proceed.

**SO ORDERED**, this 21st day of January, 2020.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**
