# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ANGELES FORD,**  *Plaintiff,*  v.  **BASS AND ASSOCIATES, P.C.,** *et al.*,  *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00159-TES** |

## ORDER GRANTING DEFENDANT BASS' MOTION TO DISMISS

Before the Court is a Motion to Dismiss which Defendant BASS AND ASSOCIATES, P.C. ("Bass") filed, citing Federal Rules of Civil Procedure 4(m) and 12(c) [Doc. 59]. For the reasons that follow, the Court **GRANTS** Bass' Motion and **DISMISSES** all Plaintiff's claims against Bass.[1]

## I. FACTUAL SUMMARY

Plaintiff alleges that Bass improperly sought to collect a debt owed by Plaintiff as the result of a student loan which Plaintiff claims she did not acquire. [Doc. 16 at ¶ 2]. Although Plaintiff faxed information and called Bass to challenge the debt, Bass allegedly failed to designate the debt as disputed in violation of the Fair Debt Collection

---

[1] The Court has already granted Bass' Motion for Partial Judgment on the Pleadings [Doc. 58] and dismissed Plaintiff's claims against Bass under the Higher Education Act; the Dodd-Frank Wall Street Reform and Consumer Protection Act; 18 U.S.C. §§ 1002 and 1028; and the state-law claim for fraud. [Doc. 60]. Thus, Plaintiff's claims against Bass under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e are the sole remaining issue for consideration under this Motion to Dismiss.

Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"). [*Id.*]. As a result of this, and actions of the other Defendants, Plaintiff states she incurred a lien on her 2018 tax refund and has had to live with family and friends due to the hardship. [*Id.* at ¶¶ 2, 6]. Based on these allegations, she seeks $75,000 in damages. [*Id.* at ¶ 6].

Plaintiff initiated this action on April 25, 2019. [Doc. 1]. On May 13, 2019, Plaintiff mailed a "Notice of Lawsuit and Request to Waive Service of a Summons" to Bass, which arrived via United States Postal Service on May 15, 2019. [Doc. 8]. Bass did not waive service, and it maintains that the waiver was deficient.[2] [Doc. 59 at ¶ 2]. Plaintiff then amended her Complaint on July 29, 2019, at which time a second Summons issued for Bass, and Plaintiff then attempted to serve Bass with the Amended Complaint in early August. [*Id* at ¶ 3]. However, this service was returned non-est, with Plaintiff being directed to serve Bass' Registered Agent. [*Id.* at ¶ 4]. In both its Answer to the Complaint and Answer to the Amended Complaint, Bass asserted its defense of insufficiency of service. [Doc. 21 at ¶ 3]; [Doc. 22 at ¶ 3].

On September 30, 2019, Plaintiff moved the Court for an extension of time to serve Bass with the Amended Complaint. [Doc. 55]. The Court denied Plaintiff's motion, which requested an indefinite extension of time. [Doc. 56]. However, the Court explicitly stated that it would entertain a future motion from Plaintiff (if she chose to

---

[2] Bass alleges that the waiver was defective for failing to include a method for returning the executed waiver, had Bass chosen to utilize it. [Doc. 59 at ¶ 2].

file a motion and that motion demonstrated good cause) closer to the October 29, 2019 deadline for service.[3] [Doc. 56]. Plaintiff did *not* file any subsequent motion to extend time for service, nor does the record reflect any Proof of Service for Bass, although Bass does acknowledge that its Registered Agent received a request to waive service via certified mail on or about October 15, 2019. [Doc. 59 at ¶ 4]. On January 10, 2020, Bass filed the pending motion, alleging that Plaintiff has failed to properly serve Bass; that the time limit for service has expired; and that the Statute of Limitations for her claims under the FDCA has run. Plaintiff did not file a response to Bass' Motion to Dismiss.

## II.     STANDARD OF REVIEW

The Court recognizes that pro se litigants are entitled to some leeway. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). However, this Circuit has consistently required pro se parties to conform to procedural rules just as those represented by counsel must. *Id.*

### A.     Federal Rule of Civil Procedure 4(m)

Rule 4(m), provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion…must dismiss the action without prejudice

---

[3] "[T]he Court … will entertain a motion closer to the deadline if Plaintiff is still incapable of serving Bass and Associates and shows good cause." [Doc. 56].

3

against that defendant[4] or order that service be made within a specified time... ." Fed. R. Civ. P. 4. Proper service[5] on a defendant within the time allowed under Rule 4(m) is Plaintiff's responsibility. Fed. R. Civ. P. 4(c)(1); *Melton v. Wiley*, 262 F. App'x 921, 923 (citing *Lepone–Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1280–81 (11th Cir.2007))[6].

In cases where Plaintiffs fail to comply with Rule 4(m), a district court has discretion "to extend the time for service of process even absent a showing of good cause." *Melton*, 262 F. App'x 921, 923 (11th Cir. 2008) (citing *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir.2005)). In fact, the Eleventh Circuit has held that "the district court is required to consider whether the circumstances of the case before it

---

[4] While Federal Rule of Civil Procedure 4(m) requires dismissal without prejudice against the defendant no properly served within the timeframe, the Court agrees with Bass' argument that Plaintiff's claims are now time-barred. *See e.g. Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 965–66 (11th Cir. 2019)(The FDCPA states: "an action to enforce any liability created by this subchapter may be brought in any appropriate United States district court ... within one year from the date on which the violation occurs.")(citing 15 U.S.C.A. § 1692k(d)). The allegations in Plaintiff's Amended Complaint, even accepted as true, detail occurrences in the year 2018. Therefore, as was the case in *Bruce*, "the allegations and documentation present in the record cannot support a[n FDCPA] claim inside the one-year statute of limitations." 770 F. App'x 960. Therefore, a dismissal without prejudice, in this instance, is tantamount to a dismissal with prejudice.

[5] Fed. R. Civ. P. 4(e)(1) allows for service pursuant to the law of the state in which the district court is located or in which service is made. The Georgia statute, applicable here, prescribes rules for service on an individual in much the same manner as Fed. R. Civ. P. 4(e)(2)" which states "[s]ervice on an individual may be effected by delivering a copy of the summons and complaint to the individual personally or, under prescribed conditions, by leaving copies at the individual's usual place of abode, or by delivering to "an agent authorized by appointment or by law to receive service of process." *Melton*, 262 F. App'x 921, 923 (11th Cir. 2008) (quoting Fed. R. Civ. P. 4(e)(2) and citing O.C.G.A. § 9–11–4(e)(7)).

[6] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." U.S.Ct. of App. 11th Cir. R. App. P. 36-2.

warrant discretionary relief" before dismissing a case under Rule 4(m). *Melton*, 262 F. App'x 921 (citing *Lepone–Dempsey*, 476 F.3d at 1282). While the district court *may* grant extensions of time, it "is under *no requirement* to extend the time for service [even] if the statute of limitations presents a bar [to refiling]." *Melton*, 262 F. App'x 921, 924 (emphasis added) (citing *Horenkamp*, 402 F.3d 1129)); *see also Lepone–Dempsey*, 476 F.3d at 1282.

For instance, in *Melton*, "the district court considered specifically whether it should allow Plaintiff an extension in the light [sic] of the running of the statute of limitations; it rejected that option." 262 F. App'x 921, 924. In determining it would not extend time for service, the *Melton* district court considered

> (i) Plaintiff's failure to take action—or even make further inquiry—when notified of the asserted insufficiency defense claimed in [Defendant's] answer;
> (ii) Plaintiff's failure to seek an extension of time to perfect service—even after Defendant [] persisted in arguing his insufficiency defense in [a subsequent] motion; and
> (iii) the absence of evidence that Defendant [] evaded service or attempted to conceal a defect in service, the district court concluded that Plaintiff's predicament was of [Plaintiff's] own making.

*Id.* After weighing these factors, the district court ultimately, concluded that "no relief was due Plaintiff" even though the statute of limitations had run and would bar Plaintiff from refiling the action after dismissal. *Id.*

### B. Local and Federal Rules for Filing Responses

Local Rule 7.2 in the United States District Court for the Middle District of Georgia provides that "[a] party desiring to submit a response, brief, or affidavits shall serve the same within twenty-one (21) days after service of movant's motion and brief." This period for reply can be extended either by the clerk, pursuant to Local Rule 6.2[7] or by the Court "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect." L. R. 6.2; Fed. R. Civ. P. 6(b).

### III. DISCUSSION

This Court has previously found that "Plaintiff filed her amended complaint on July 29, 2019 and ha[d] until October 29, 2019 to serve it on each Defendant." [Doc. 56]. Bass contends that Plaintiff never perfected service, and a review of the record reveals no Waiver of Service from Bass nor any Proof of Service for Bass. While Bass received Plaintiff's request to waive service of the Amended Complaint in mid-October, that correspondence simply does not establish proper service as required. *See* Section II(a) *supra.* Further, the Court specifically stated in its order denying Plaintiff's initial indefinite request for extension of time that it would entertain a request from her closer

---

[7] "In civil cases, the clerk of the court and his deputies are authorized to permit extensions of time to a date certain not to exceed fourteen (14) days for the filing of briefs…"

to the October 29 deadline. [Doc. 56]. However, Plaintiff chose not to pursue any such request. Furthermore, Plaintiff failed to offer any response to Bass' allegations of improper service of process when Bass raised the issue at length in its Motion to Dismiss. Without evidence or argument from Plaintiff to the contrary, the court assumes Bass' assertion of improper service is unopposed.

In determining whether to afford Plaintiff an extension of time to serve Bass, the Court, as required by Eleventh Circuit precedent, considered the specific facts of the case, including: Plaintiff's inaction (failure to address Bass' defense of improper service in its answers along with failure to respond to the motion currently before the court); Plaintiff's failure to seek an additional extension of time to perfect service, despite clear indication from the Court that it would have entertained same; and that, overall, Plaintiff's predicament as to the insufficiency of service issue is "of [her] own making" given "the absence of evidence that Defendant [] evaded service or attempted to conceal a defect in service." *Melton*, 262 F. App'x 921, 924.

Thus, because Plaintiff has failed to adhere to Federal Rule of Civil Procedure 4(m), the Court **DISMISSES** Plaintiff's FDCPA claim against Bass **without prejudice.** *See also* Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 12th day of February, 2020.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**