# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANGELES FORD, *Plaintiff*, v. BASS AND ASSOCIATES, P.C. *et al.*, *Defendants.* | CIVIL ACTION NO. 5:19-cv-00159-TES |

## ORDER DISMISSING CASE WITHOUT PREJUDICE
## FOR LACK OF SUBJECT-MATTER JURISDICTION

Defendant HELMS CAREER INSTITUTE[1] ("Helms") filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 62], and, after review of the motion, the record, and the Court's obligatory inquiry into its own jurisdiction, for the reasons more fully discussed below, the Court **GRANTS** Helms' Motion and **DISMISSES** the case **without prejudice**.

### FACTUAL SUMMARY

Plaintiff ANGELES FORD ("Plaintiff") filed this action alleging that Defendants violated both state and federal laws when Helms, an educational institution, forwarded evidence of a defaulted student loan in Plaintiff's name to the United States Department of Education for collection. [Doc. 16-1, ¶¶ 1, 3, 5]. Plaintiff maintains that she never

---

[1] Goodwill Industries of Middle Georgia, Inc. d/b/a Helms Career Institute

even attended Helms as a student, much less took out student loans. [*Id.*]. The former Defendants in this case, EDUCATIONAL CREDIT MANAGEMENT CORP ("ECMC") and BASS AND ASSOCIATES ("Bass") are entities the Department of Education engaged to collect the unpaid loan debt on its behalf. *See* [Doc. 10]; [Doc. 16]; [Doc. 20].

Helms previously filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted in part and denied in part on August 29, 2019. [Doc. 23]; [Doc. 40]. The court dismissed Plaintiff's federal law claims against Helms[2] but found that Plaintiff's state-law fraud claim (to the extent one was alleged) against Helms could proceed because it was sufficiently related to the federal claims still pending (at that time) against ECMC and Bass to warrant exercise of supplemental jurisdiction. [Doc. 40 at p. 8]; 28 U.S.C. §§ 1331, 1367. However, on October 15, 2019, the Court dismissed all claims against ECMC by granting its Motion for Judgment on the Pleadings. *See* [Doc. 47]; [Doc. 57]. Then, in 2020, the Court dismissed all claims against Bass by first granting its Motion for Partial Judgment on the Pleadings on January 21, 2020 and then granting its subsequent Motion to Dismiss on February 12, 2020. *See* [Doc. 60]; [Doc. 62]. Thus, the sole remaining Defendant in this case is now Helms, and the sole remaining claim against Helms is the state law allegation of fraud. *See generally* [Doc. 16]; [Doc. 40]; [Doc. 57]; [Doc. 60]; [Doc. 62].

---

[2] Plaintiff alleged that Helms violated the Higher Education Act and 18 U.S.C. §§ 1002 and 1028. [Doc. 16 at ¶¶ 1, 3].

As to this fraud claim, Plaintiff "alleges in 2018, the Defendant, Helms [] sent a default student loan, claimed [Plaintiff signed same 'said document' into the [U. S.] Department of Education to collect on a default debt in attendance of Helms [] in 2007." [Doc. 16 at ¶ 3]. Therefore, Plaintiff "seeks relief of the [student loan paperwork] that was falsely produce[d] to fraud [Plaintiff] and to defraud the Secretary of [the] Department of Education. [*Id.* at ¶ 5].

## DISCUSSION

Because federal courts are courts of limited jurisdiction, they are obligated to inquire into their own jurisdiction. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999). Therefore, the Court conducts its own inquiry in addition to considering the arguments raised by Helms in its motion.

### A. Original Jurisdiction

Subject matter jurisdiction in federal court can be established through one of three alternatives: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Hallett v. Ohio*, 711 F. App'x 949 (11th Cir. 2017) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are

citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

In this case, while the Court had original jurisdiction by virtue of the federal questions raised in Plaintiff's Amended Complaint, all federal claims have been dismissed. *See* section I, *supra*. Therefore, the Court finds federal original jurisdiction no longer exists. Furthermore, the Court finds that it does not have diversity jurisdiction over the parties because there is no diversity of citizenship between Plaintiff and Helms. *See* [Doc. 10]; [Doc. 16].

### B. <u>Supplemental Jurisdiction</u>

Congress has codified that, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The Eleventh Circuit has established that

> [p]rior to the enactment of § 1367, the United States Supreme Court held that a decision to exercise or decline supplemental jurisdiction lay in "considerations of judicial economy, convenience[,] fairness to litigants," and comity. We have held that these considerations survived the codification of § 1367. As a result, in a case where § 1367(a)

4

> justified taking jurisdiction over a state claim but one of the
> adverse elements of § 1367(c) was present, the court could
> exercise supplemental jurisdiction over that claim, after
> considering th[ose] factors.

*Ingram v. Sch. Bd. of Miami-Dade Cty.*, 167 F. App'x 107, 108 (11th Cir. 2006)(quoting *United Mine Workers v. Gibbs*, 86 S.Ct. 1130, 1139 (1966) and then citing *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir.1994)(internal citations omitted).[3] In considering those factors established in *Gibbs*,

> "[s]tate courts, not federal courts, should be the final arbiters
> of state law." Where, as here, a court has dismissed all
> federal claims from a case, there is a very strong argument
> for dismissal, especially where the federal claims are
> dismissed prior to trial. In fact, "if the federal claims are
> dismissed prior to trial, Gibbs strongly encourages or even
> requires dismissal of state claims."

*Ingram*, 167 F. App'x 107, 108–109 (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997) and then quoting *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir.1999)). "When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court." *Ingram*, 167 F. App'x 107, 109 (quoting *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir.1999)).

---

[3] In the Eleventh Circuit, while unpublished opinions "are not considered binding precedent, [] they may be cited as persuasive authority." U.S.Ct. of App. 11th Cir. R. App. P. 36-2.

In keeping with the standard established by *Gibbs* and maintained by the Eleventh Circuit, this Court acknowledges that in the instant case, since all federal claims have indeed been dismissed before trial, Eleventh Circuit precedent sets "a very strong argument" and "strong[] encouragement" for dismissal of the state law claim. *See Ingram*, 167 F. App'x 107, 109. Accordingly, the Court **DISMISSES** Plaintiff's case **without prejudice** "so that the [Plaintiff] may pursue the claim in state court" should she so choose, and thereby upholding the precedent that the state should be "the final arbiters of state law." *Id*.[4] In light of this ruling, both Plaintiff's Motion for Summary Judgment [Doc. 63] and Helms' Motion for Summary Judgment [Doc. 65] are **DENIED as moot**.

**SO ORDERED**, this 27th day of February, 2020.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**

---

[4] The Court acknowledges that "[i]f the state claim has become time-barred *during the pendency of the federal action* then the court should exercise supplemental jurisdiction despite the dismissal of all of the federal claims." *Eubanks v. Gerwen*, 40 F.3d 1157, 1162 (11th Cir.1994) (emphasis added). However, the two dates mentioned by Plaintiff in relation to her fraud claim against Helms are 2007 and 2018 respectively. [Doc. 16 at ¶¶ 1, 3]. Therefore, the statute of limitations *either* ran prior to the filing of this action *or* has not yet run due to tolling or simple timing; in either case it did *not* run *during the pendency of the federal action* and the appropriate forum for any debates regarding the statute of limitations (should the parties choose to argue that point) is most properly brought in state court. *See Hamburger v. PFM Capital Mgmt., Inc.*, 649 S.E.2d 779, 784 (Ga. Ct. App. 2007) (citing O.C.G.A. § 9-3-31) ("In Georgia, the statute of limitation for fraud claims is four years.")